UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>VENUS MELODY JACKSON,<br><br>                                    Defendant. | Case No.: 18cr2275-MMA<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR HEARING AND CLAIM EXEMPTION**<br><br>**[ECF No. 31]** |

Before the Court is Defendant's request for hearing and claim for exemption. (ECF No. 31.) Plaintiff filed a response in opposition. (ECF No. 34.) Having considered the parties' papers and the applicable law, Defendant's motion is **DENIED** for the reasons stated below.

## I.   BACKGROUND

On June 6, 2018, Defendant, pursuant to a plea agreement, pled guilty to making a false statement to a federal officer. (ECF No. 16.) As part of the plea agreement, Defendant agreed to pay restitution to the Social Security Administration in the amount of $108,879.00. (*Id*.) The plea agreement also provided the following:

> Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution.

> Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

(ECF No. 16-1 at 2.)

On August 27, 2018, Defendant was sentenced to five years of probation, and the Court imposed restitution in the amount of $108,879.00. (ECF No. 21.) The Court imposed a restitution payment schedule during the probationary period. (ECF No. 22.) However, the judgment states that the payment schedule "do[es] not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the restitution judgment." (*Id*.)

Plaintiff represents that $10,446.10 has been credited to the judgment debt, and at the post-judgment interest rate of 2.5%, the total balance due is $112,234.16 as of January 30, 2024. (ECF No. 27 at 2.) On February 2, 2024, Magistrate Judge Steve B. Chu granted Plaintiff's application to issue a writ of garnishment against Defendant's property as payment for his restitution obligation. (ECF No. 28.)

On February 23, 2024, Defendant filed a claim for exemption and a request for hearing. (ECF No. 31.) Defendant contends that that Plaintiff did not comply with the statutory requirements for the issuance of the writ of garnishment, and that the property Garnishee (AT&T Corporation) is withholding is exempt from enforcement. (*Id*. at 1.)

## II.   ANALYSIS

### i. Writ of Garnishment

Section 3205(b) provides the general requirements for a Writ of Garnishment. 28 U.S.C. § 3205(b). Plaintiff must properly apply for the writ, provide the proper form of the writ, serve a request for an Answer on Defendant's employer, and serve the writ on the judgment debtor, all in compliance with the statute. 28 U.S.C. § 3205(c)(3). The Clerk of Court provides notice to the judgment debtor, along with a copy of the Application for Writ of Garnishment, in the form proscribed in Section 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures

applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b).

In support of the argument that Plaintiff did not comply with the statutory requirements for the writ of garnishment, Defendant merely states "[w]rit filed 2/2/24, sent to me 2/15/24, paperwork stating no payments made, have agreement court order for $150/mo. Supplied all requested documents – garnishment will create homelessness, I am filing for bankruptcy, requesting a slow pay motion to continue." (ECF No. 31 at 1.) However, this fails to show that Plaintiff did not comply with the statutory requirements.

On the contrary, a review of the relevant documents shows that Plaintiff has fulfilled the general requirements for a writ of garnishment. 28 U.S.C. § 3205(b). Plaintiff properly applied for a writ of garnishment by filing the application with the United States District Court (ECF No. 27). Plaintiff served a request for an answer on the Garnishee (ECF No. 32), and served the writ on Defendant (ECF No. 33). *See* 28 U.S.C. § 3205(c)(3). Plaintiff's application also represents that "[m]ore than 30 days has elapsed since demand for payment of the debt was made. (ECF No. 27 at 2.) The Clerk of Court provided proper notice to Defendant, which included a copy of the Application for Writ of Continuing Garnishment, an explanation of Defendant's rights, a list of exemptions that may be applicable, and the procedure for objecting to the Application. *See* 28 U.S.C. § 3202(b).

### ii. Claim for Exemption

Furthermore, the Government may enforce a restitution order through a writ of garnishment against "all property or rights to property of the [defendant]," excluding a limited list of exempt property. 18 U.S.C. § 3613(a). The following types of property are exempt from garnishment: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects not to exceed $11,390 in value; (3) books and tools of a trade, business, or profession not to exceed $5,700 in value; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Participation Act. 18 U.S.C. § 3613(a)(1) ("[P]roperty exempt from levy for taxes pursuant to section

6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law"). *United States v. Beliveau*, No. 13CR3781-JLS, 2021 WL 1906415, at *2 (S.D. Cal. May 12, 2021).

Defendant claims exemption from enforcement of the writ of garnishment under the first, second, third, and fifth categories. However, none of these claimed exemptions are applicable because Plaintiff has not levied against any apparel, school books, fuel, furniture or personal effects, books and tools of trade, or undelivered mail. The above claims for exemption only pertain to property, not money. Defendant has not claimed a proper ground for exemption because the writ of garnishment is purely monetary, and the exemptions do not apply to Defendant. *See e.g., United States v. Holcomb*, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) ("Because [prisoner's] inheritance is entirely monetary, it is not exempt from garnishment under § 6334(a)(1–3).").

### III.   CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has met the requirements for the writ of garnishment, and Defendant's claimed exemptions from enforcement of the writ of garnishment are inapplicable as a matter of law. Accordingly, Defendant's motion for a hearing and claim exemption is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 26, 2024

Hon. Steve B. Chu
United States Magistrate Judge